**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Arthur Normandeau, | No. CV 11-1629-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| City of Phoenix; City of Phoenix Municipal Court, | |
| Defendants. | |

Pending before the Court is City of Phoenix and the City of Phoenix Municipal Court's ("Defendants") Motion to Dismiss David Normandeau's ("Plaintiff") Complaint. Doc. 16. The Court now rules on the motion.

**I. BACKGROUND**

In 1989, Plaintiff received five traffic citations. Doc. 1-2. Plaintiff ultimately failed to pay the citations, and, as a consequence, his license was suspended. *Id.* at 4. After his license was suspended, Plaintiff continued to drive and was stopped in March of 1990. *Normandeau v. City of Phoenix*, 516 F. Supp. 2d. 1059 (D. Ariz. 2005). Plaintiff was cited for driving on a suspended license, and for having no proof of insurance and an expired registration. *Id.* After appearing in court, Plaintiff was found guilty and fined a total of $1,702.00. *Id.* Plaintiff served a seven-day jail term in order to satisfy the fine. *Id.*

On December 13, 1991, Plaintiff filed a complaint in federal court. *Id.* at 1067. He sought relief against Defendants for alleged constitutional violations stemming from his

various traffic tickets. *Id.* at 1068. The Court dismissed Plaintiff's complaint. *Id.* On February 19, 2003, Plaintiff filed another complaint in federal court, again alleging constitutional violations related to the tickets he received between 1989 and 1990. *Id.* In a thorough opinion, Judge Silver dismissed Plaintiff's complaint finding, among other things, that the Court did not have subject matter jurisdiction under the *Rooker-Feldman* doctrine and that several of Plaintiff's claims were time-barred. *Id.* at 1064.

After the February 19, 2003 complaint was dismissed, Plaintiff was cited for driving on a suspended license and without proof of insurance in 2004. Doc. 16 at 3. The citation resulted in a $4,445.79 fine. *Id.* On November 12, 2010, Plaintiff filed a Motion for Financial Review Hearing and Order with the City of Phoenix Municipal Court ("Phoenix Court"), asking that court to set aside his 1989 traffic tickets, and to "set aside convictions obtained in regards to [Plaintiff's] traffic tickets of 3-9-1990 and 12-18-2004." Doc. 1-2 at 8. The Phoenix Court denied that motion and set a hearing for December 23, 2010. Doc. 1-3. Sometime in 2011, Plaintiff paid the $4,445.79 fine. Doc. 1 at ¶ 6.

In July and August 2011, Plaintiff received additional citations for driving without a registration. *Id.* Plaintiff pleaded not guilty to the July citation, and the Phoenix Court set a hearing for September 22, 2011. *Id.* at 4.

On August 19, 2011, Plaintiff filed his Complaint in this case. Doc. 1. In addition, Plaintiff filed a Motion for Preliminary Injunction seeking to enjoin the September 22 hearing, which this Court denied after oral argument on September 21. Doc. 15. In his Complaint, Plaintiff alleges that the City of Phoenix Court is not a "fair, impartial, detached, nuetral [sic] or disinterested tribunal." Doc. 1 ¶ 5. He makes three arguments to support this conclusion. First, he alleges that the Phoenix Court generates a substantial amount of revenue for the City of Phoenix. Doc. 1 ¶ 7. Second, he alleges that the Phoenix Court judges are "well paid" by the City of Phoenix and are insulated from public elections. Doc. 1 ¶ 9. Third, he alleges that the Phoenix Court judges have a "lucrative retirement plan" funded by the City. *Id.* From these allegations, Plaintiff concludes that the Phoenix Court judges have an incentive to find defendants guilty, resulting in "a high probability of an

1  unconstitutional potential for bias." Doc. 1 ¶ 13.

2  Though not explicitly stated in Plaintiff's request for relief,[1] Plaintiff also appears to
3  allege claims of conspiracy and due process violations under 42 U.S.C. § 1983. Doc. 1 ¶ 17.
4  Plaintiff alleges that Defendants acted in concert "to harass and extort money" from Plaintiff
5  arising from his 1989 citations. *Id.*

6  Plaintiff asks the Court to issue a declaratory judgment declaring that the Phoenix
7  Court "is not a fair, impartial, nuetral [sic], detached, disinterested or unbiased tribunal" and
8  that Defendants deprived him of his "constitutionally protected property interests . . . without
9  due process of law in a meaningful appealable hearing." Doc. 1 at 13. Plaintiff also asks this
10 Court to order the City of Phoenix to return the $4,445.79 that he had to pay in order to,
11 "after 20 years, get his drivers license back without due process of law." Doc. 1 ¶ 14.

12 On September 30, 2011, Defendants filed the pending motion to dismiss. Doc. 16.
13 Defendants argue that the Complaint should be dismissed because: (1) the Phoenix Court is
14 a non-jural entity not subject to suit; (2) the Court lacks subject matter jurisdiction to hear
15 Plaintiff's Complaint under *Rooker-Feldman*; (3) the Complaint is barred by the doctrine of
16 *res judicata*; (4) the complaint is barred by the relevant statute of limitations; (5) the
17 Complaint fails to sufficiently state a claim pursuant to Federal Rule of Civil Procedure
18 12(b)(6); and (6) the Complaint fails to establish liability under *Monell*.[2]  The motion has

---

[1] Because Plaintiff is *pro se*, the Ninth Circuit has instructed that his Complaint be liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010) ("We therefore join the five other circuits that have determined that *pro se* complaints should continue to be liberally construed after *Iqbal*.").

[2] Defendants cite only 12(b)(6) in their motion to dismiss, but extensively rely on the *Rooker-Feldman* doctrine, which is predicated on a lack of subject matter jurisdiction. Thus, the Court will consider the motion as though it were brought under 12(b)(1) as well. *See Hardy v. Cnty. of El Dorado*, No. Civ. S-07-0799 RRB EFB, 2008 WL 268966, at *3 n.15 (E.D. Cal. 2008) ("[T]he question of whether the court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine should have been raised through a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, not a Rule 12(b)(6) motion to dismiss for failure to state a claim . . . .").

been fully briefed, and neither party has requested oral argument. For the reasons stated below, the Court will grant the motion.

## II. LEGAL STANDARD

### A. Motion to Dismiss under Rule 12(b)(1) and Rule 12(b)(6)

"The party asserting jurisdiction has the burden of proving all jurisdictional facts." *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)); *see also Fenton v. Freedman*, 748 F.2d 1358, 1359, n.1 (9th Cir. 1994). When a party seeks dismissal for multiple reasons including lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the Court must address the 12(b)(1) claim before the other reasons for dismissal under Rule 12(b). *See Bell v. Hood*, 327 U.S. 678, 682 (1946) ("Whether a complaint states a cause of action on which relief could be granted is a question of law [that] must be decided after and not before the court has assumed jurisdiction over the controversy."). Federal courts are courts of limited subject matter jurisdiction; thus, the Court presumes lack of jurisdiction until the plaintiff proves otherwise. *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).

A Rule 12(b)(1) motion to dismiss "for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." *Thornhill Publ'g Co. v. Gen. Tel. & Elecs.*, 594 F.2d 730, 733 (9th Cir. 1979). In resolving a "facial attack" under Rule 12(b)(1), the district court must accept the allegations of the complaint as true. *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009) (citing *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004)). In resolving a "speaking motion" or "factual attack" under Rule 12(b)(1), the court is not limited to the allegations in the pleadings if the "jurisdictional issue is separable from the merits of [the] case." *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). Instead, "[t]he court may view evidence outside the record, and no presumptive truthfulness is due

to the complaint's allegations that bear on the subject matter [jurisdiction] of the court." *Greene v. United States*, 207 F. Supp. 2d. 1113, 1119 (E.D. Cal. 2002) (citing *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983)).

Defendants have also moved to dismiss the Complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8. Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the facts alleged in a complaint in the light most favorable to the drafter of the complaint, and the Court must accept all well-pleaded factual allegations as true. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).

### B. *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine prevents federal district courts from having subject matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). In recent years, the Supreme Court has narrowed the application of the *Rooker-Feldman* doctrine. *See Lance v. Dennis*, 546 U.S. 459, 464 (2006) ("[O]ur cases since *Feldman* have tended to emphasize the narrowness of the *Rooker-Feldman* rule."); *see also Exxon Mobil Corp.*, 544 U.S. at 292 (*Rooker-Feldman* does not apply to parallel state and federal litigation); *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 644 n.3 (2002) (*Rooker-Feldman* "has no application to judicial review of executive action, including determinations made by a state administrative agency"). Despite the Supreme Court's scaling back of the doctrine, *Rooker-Feldman* still "remains a viable jurisdictional bar." *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 860 n.6 (9th Cir. 2008).

1  There are two general situations where *Rooker-Feldman* applies: (1) where a state-court loser explicitly asks a federal district court to exercise appellate review of the state-court judgment, and (2) where a state-court loser's federal claim constitutes a *de facto* appeal from a state-court judgment. *Reusser*, 525 F.3d 858–59 (citing *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004)). The Ninth Circuit has held that:

> A federal claim constitutes a *de facto* appeal where "claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that adjudication of the federal claims would undercut the state court's ruling or require the district court to interpret the application of state laws or procedural rules."

*Id.* at 859 (quoting *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003)). If either of these two situations apply, the federal court must dismiss the complaint for lack of subject matter jurisdiction. *Bianchi*, 334 F.3d at 898.

*Rooker-Feldman* does not, however, bar a plaintiff's independent claims, even if the subject matter underlying those claims has already been litigated in state court. *Exxon Mobile Corp.*, 544 U.S. at 293. "If a federal plaintiff 'present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party . . . , then there is jurisdiction and state law determines whether defendant prevails under principles of preclusion.'" *Id.* In *Bianchi*, the Ninth Circuit stated that whether the federal plaintiffs claims are independent is determined by looking to the relief the plaintiff seeks. *Bianchi*, 334 F.3d at 900.[3] If the relief sought would necessarily undo a state-court judgment, then the claim is not independent and *Rooker-Feldman* applies. *Id.*

### III. ANALYSIS

**A. Plaintiff's claims related to his denied Motion for Financial Review and other state-court judgments**

Defendants argue that the *Rooker-Feldman* doctrine applies to Plaintiffs's complaint and thus bars this Court from having subject matter jurisdiction. Doc. 16 at 6. They argue that both *Rooker-Feldman* situations apply: Plaintiff's complaint constitutes both a direct

---

[3]The Ninth Circuit has favorably cited *Bianchi* since *Exxon Mobile* was decided. *See, e.g., Reusser*, 525 F.3d at 859.

- 6 -

1 appeal and a *de facto* appeal from a state-court judgment. Doc. 18 at 4–5. In support of their
2 argument, Defendants point out that Plaintiff's Complaint seeks money he lost under a state-
3 court judgment, which is a direct appeal from that judgment. Doc. 16 at 6. They also claim
4 that Plaintiff is asking for a *de facto* appeal because his request for a declaratory judgment
5 declaring that the Phoenix Court is biased and wrongfully deprived him of his property
6 interest necessarily involves undermining a state court's denial of his Motion for Financial
7 Review Hearing and Order. *Id.*

8 In response, Plaintiff argues that his claims are independent of his state-court claims.
9 He argues that his Complaint does not explicitly seek to set aside or undo a state-court
10 judgment. Doc. 17 at 4. Specifically, Plaintiff argues that, because he is not asking the Court
11 to "undo . . . [his] traffic ticket judgments," his Complaint is not one of the situations where
12 *Rooker-Feldman* applies. *Id.*

13 Plaintiff is mistaken in arguing that because he does not seek to "undo" his traffic
14 tickets, he is not asking for an appeal or *de facto* appeal from a state-court judgment. Even
15 if he is not explicitly seeking to overturn his traffic tickets, Defendants are correct in stating
16 that the relief Plaintiff requests constitutes a *de facto* appeal. Plaintiff asks that the Court
17 order Defendants to return the money he paid them *pursuant to a state-court judgment*. If
18 the Court were to grant the relief Plaintiff seeks, it would necessarily involve overturning the
19 state-court judgment that deprived him of his money in the first place. The *Rooker-Feldman*
20 doctrine forbids federal courts from taking such action.

21 Similarly, granting the declaratory judgment that Plaintiff requests would result in this
22 Court undermining the state-court judgment denying Plaintiff's Motion for Financial Review.
23 Plaintiff asks this Court to declare that the Phoenix Courts and the "mystery judge" who
24 denied his Motion for Financial Review deprived him of his constitutional rights without due
25 process. Doc. 17 at 13. Such a declaration would necessarily involve this Court finding the
26 state-court judgment invalid. Plaintiff's very reference to the state court judgment in his
27 request for relief demonstrates that his request for declaratory judgment is simply an appeal
28 by another name. The proper avenue for Plaintiff's appeal of a state-court judgment lies in

the state-court system. Thus, *Rooker-Feldman* applies to Plaintiff's requests for declaratory relief.

### B. Plaintiff's conspiracy and due process claims under 42 U.S.C. § 1983

Apart from his claims relating to state-court judgments, Plaintiff also appears to allege claims of conspiracy and due process violations under 42 U.S.C. § 1983. Plaintiff argues that Defendants conspired against him by stopping, citing, and harassing him several times during a short period in October of 1989. Doc. 1 ¶ 17. Defendants argue that these claims are barred by the statute of limitations. Doc. 16 at 8. Because § 1983 does not specify a statute of limitations, the Supreme Court has determined that the statute of limitations for § 1983 claims is the forum state's personal injury statute of limitations. *Wilson v. Garcia*, 471 U.S. 261, 274–76 (1985), *superceded by statute on other grounds as recognized in Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 377–81 (2004). The statute of limitations for personal injury actions in Arizona is two years. Ariz. Rev. Stat. Ann. § 12-542.

Plaintiff's § 1983 allegations relate to his traffic citations in 1989. Doc. 1 ¶ 17. Thus, Defendants are correct in noting that the two-year statute of limitations for bringing those claims have expired. Plaintiff argues that because part of his claims relate to his denied Motion for Financial Review filed in November of 2010, the statute of limitations has not yet run. But, as stated above, Plaintiff's claims regarding the state-court judgment denying his Motion for Financial Review are barred by *Rooker-Feldman*. Thus, the only other allegations that support Plaintiff's claims for conspiracy and due process violations are related to incidents that occurred over a decade ago. The statute of limitations has run on those claims, and they must be dismissed.[4]

### IV. LEAVE TO AMEND

It appears that Plaintiff has requested leave to amend his Complaint should the Court

---

[4] Beyond Plaintiff's failure to bring his claims within the appropriate time frame, the Court notes that Plaintiff also has not asserted allegations sufficient to support governmental liability under *Monell* as there are no allegations of a policy or custom that caused him harm. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

- 8 -

find that dismissal is appropriate. Doc. 17 at 6. Plaintiff has not amended the Complaint as a matter of right pursuant to Federal Rule of Civil Procedure 15. Because the twenty-one day time frame to file an amendment following a motion to dismiss has expired, Plaintiff has lost the right to amend the Complaint once as a matter of course. Fed. R. Civ. P. 15(a)(1). Defendants have requested that the Court grant their Motion to Dismiss with prejudice. However, the Ninth Circuit has instructed district courts to grant leave to amend, *sua sponte*, when dismissing a case for failure to state a claim, "unless the court determines that the pleading could not possibly be cured by the allegations of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). There is a "longstanding rule that '[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect.'" *Id.* at 1129 (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990)). Further, a district court may only dismiss a claim because of an expired statute of limitations "'[i]f the running of the statute is apparent on the face of the complaint.'" *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1045 (9th Cir. 2011) (quoting *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)). However, "'if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove the statute was tolled,'" then leave to amend must be denied. *Id.*

Plaintiff cannot possibly cure the deficiencies in his Complaint. His claims related to the state-court judgments are barred by *Rooker-Feldman*. Thus, the Court does not have jurisdiction to hear such claims, and there is no amendment Plaintiff could make that would overcome this Court's lack of subject matter jurisdiction.

Insofar as his claims relate to conspiracy and due process violations stemming from his 1989 citations, no amendment could change the fact that the two-year statute of limitations bars Plaintiff's complaints. It is clear from the face of the Complaint that, even if Plaintiff amended his Complaint to sufficiently allege *Monell* liability regarding those citations, they are still time-barred by the applicable statute of limitations. Thus, there is no possible amendment that can cure Plaintiff's deficient Complaint, and leave to amend will

not be granted.

## V. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Defendants' Motion to Dismiss (Doc. 16) is **GRANTED**. The Clerk of the Court shall enter judgment for Defendants accordingly.

DATED this 24th day of February, 2012.

_____
James A. Teilborg
United States District Judge